IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES W. ILES,  )  )  Plaintiff,  )  )  v.  )  )  JESSE WHITE,  )  Secretary of State of Illinois,  )  )  Defendant.  ) | No. 11-cv-3083 |

OPINION

RICHARD MILLS, U.S. District Judge:

This action is dismissed.

Here is why.

I.

A.

James W. Iles was convicted of driving under the influence in Champaign County, Illinois, in 1977 and 1978. Iles' driving privileges were revoked by the State of Illinois.

In July 2007, Iles—who has lived in Indiana for many years—attempted to renew his Indiana chauffer's license. However, Indiana

1

Bureau of Motor Vehicle personnel informed him that he would be able to renew his Indiana license only after he received a "clearance letter" from the Office of the Secretary of State of Illinois.

Iles filed a petition for the reinstatement of his Illinois driver's license and driving privileges. *See* Exhibit [d/e 35-1], page 1. A hearing was held before an administrative hearing officer on April 4, 2008, and the hearing officer made an adverse credibility determination. *See* Findings and Recommendations of the Hearing Officer [d/e 13-1], pages 1-4. The hearing officer recommended denying Iles' petition for reinstatement of his Illinois driver's license and driving privileges. *See id.* On April 16, 2008, Secretary of State Jesse White adopted the findings and recommendations of the hearing officer, and issued an order denying Iles' petition for reinstatement. *See* Order of Secretary of State [d/e 35-1], pages 3-4.

Iles sought judicial review of the administrative action in the Circuit Court of Sangamon County, Illinois, initiating the action on June 3, 2008. *See* Summons in Administrative Review [d/e 35-1], page 5; Appeal from Administrative Order [d/e 45-1], pages 1-6. In the state

court action, *Iles v. White*, No. 2008-MR-333, Iles sued both Secretary of State White and the hearing officer. *See* Appeal from Administrative Order [d/e 45-1], page 1.

In his principal filing, Iles raised the specter of bringing the case to a federal forum if he did not prevail:

> One can only hope that the instant case does not require the takings on of legs and *resort to the Federal Judiciary* and more interpretations of the most rudimentary concepts of Procedural Due Process of Law.

Appeal from Administrative Order [d/e 45-1], page 6 (emphasis added).

On July 25, 2008, Secretary of State, through the Illinois Attorney General's Office, filed a motion to dismiss in Case No. 2008-MR-333. *See* Motion to Dismiss [d/e 43-1]. The Secretary of State argued that Iles failed to file his complaint or issue the summons within the 35-day period required under the Illinois Administrative Review Law, and that, as a result, the Circuit Court of Sangamon County was barred from reviewing the administrative action. *See id.* at pages 2-3. Secretary of State White invoked Section 2-619(a)(5) of the Illinois Code of Civil Procedure in requesting dismissal of the action. *See id.* at page 3.

On September 8, 2008, the Circuit Court of Sangamon County dismissed the matter, with prejudice. *See* Order of the Circuit Court of Sangamon County, Illinois [d/e 13-1], page 6. Iles did not file a notice of appeal with the Appellate Court of Illinois.

Iles was eventually able to obtain a license from the Indiana Bureau of Motor Vehicles on August 24, 2010. *See* Amended Complaint [d/e 24], page 6. That license will be valid for a total of six years. *See id.*

### B.

On October 29, 2010, Iles initiated this action in the U.S. District Court for the Southern District of Indiana. *See* Complaint [d/e 1]. Initially, Iles sued both R. Scott Waddell, Commissioner of the Indiana Bureau of Motor Vehicles, and Jesse White, Secretary of State of Illinois. *See* Complaint [d/e 1].

Eventually, Iles and Waddell entered into a Stipulation of Dismissal [d/e 19], and, with leave of court, Iles filed an Amended Complaint [d/e 24] that listed Secretary of State White as the only defendant.

Iles claims that Secretary of State White has (1) deprived him of his privileges and immunities under Article IV, Section 2, of the U.S. Constitution; (2) violated his substantive and procedural due process rights under the Fourteenth Amendment; (3) deprived him of his privileges or immunities under the Fourteenth Amendment; and (4) failed to honor Illinois' commitments to the Driver's License Compact. *See* Amended Complaint [d/e 24].

Iles seeks declaratory and injunctive relief. Specifically, Iles requests that the Court declare that his rights were violated, that the Court enter an injunction compelling Secretary of State White to remove all records in the Problem Driver Pointer System ("PDPS") database at all connected to Iles' 1977 and 1978 convictions, and that the Court grant Iles' costs incurred in this matter. *See* Amended Complaint [d/e 24].

On February 24, 2011, Secretary of State White filed his Motion to Dismiss Plaintiff's Amended Complaint [d/e 25] and his Memorandum in Support [d/e 26].

On February 28, 2011, U.S. District Judge Jane Magnus-Stinson suspending briefing on the Motion to Dismiss [d/e 25] and directed the parties to show cause why the case should not be transferred to the Central District of Illinois. *See* Entry Discussing Selected Matters [d/e 27].

After the transfer issue was fully briefed, Judge Magnus-Stinson entered an Order [d/e 30] transferring the case to this Court on March 24, 2011. The case was assigned to the undersigned on March 30, 2011. On the same date, this Court entered a Text Order resuming the briefing of the Motion to Dismiss [d/e 25].

Iles filed his Response to the Motion to Dismiss [d/e 33] and a Memorandum in Support [d/e 34] on April 25, 2011. Iles filed a Motion to Transfer Case to the Urbana Division [d/e 32] on April 25, 2011, and a Motion to Appoint Counsel [d/e 36] on September 28, 2011.

The Motion to Appoint Counsel [d/e 36] was denied on October 13, 2001. *See* Minute Entry of October 13, 2001. The Motion to Transfer to the Urbana Division [d/e 32] was denied on February 2, 2012. *See* Order of February 12, 2012 [d/e 40].

Iles filed a Combined Motion for Summary Judgment, Motion for Preliminary Injunction, and Motion for Permanent Injunction [d/e 37] on January 12, 2012. Secretary of State White filed a Motion to Stay [d/e 39] on January 18, 2012.

The Court allowed in part the Motion to Stay. *See* Text Order of January 30, 2012. The Court stated that no action would be taken on Iles' Combined Motions [d/e 37], because the Motion to Dismiss [d/e 12] was still pending. *See id.*

## II.

The Court has determined that it lacks subject matter jurisdiction to hear this matter pursuant to the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The doctrine has been explained in this manner:

> The *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court. Review of state court judgments is possible only in the state court system and from there to the United States Supreme Court. The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations.

*Manley v. City of Chicago*, 236 F.3d 392, 396 (7th Cir. 2001) (citations omitted); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon the losing party's claim that the state judgment itself violates the loser's federal rights").

As noted above, Iles informed the Circuit Court of Sangamon County that in the event his administrative appeal was unsuccessful, he would simply "resort to the Federal Judiciary." *See* Appeal from Administrative Order [d/e 45-1], page 6.

In examining the Amended Complaint, the Court notes that the timeline and issues discussed are almost identical to those which would have been before the Circuit Court of Sangamon County. Iles complains of the results of administrative and judicial proceedings in Illinois and requests that this Court remedy them. *See* Amended Complaint [d/e 24], page 4.

Iles requests that the Court enter the following:

> A preliminary and permanent injunction ordering defendant, JESSE WHITE, including but not limited to any subordinate, Agent, or employee, to forthwith take down, or cause to be taken down, any relevant PDPS records pointing to plaintiff concerning 1977 and 1978 driver related offense or offenses related to the subject of this complaint.

Amended Complaint [d/e 24], page 10. This proposed relief is functionally the same as Secretary of State White restoring Iles' driving privileges.[1]

The Court concludes that the issues raised in Iles' Amended Complaint [d/e 24] are injuries derived from the state court judgment. *See Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999). The state court judgment blocked the reinstatement of his driving privileges, and as a result, the information remained in the PDPS

---

[1] This case is distinguishable from *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) (stating that the *Rooker-Feldman* doctrine "has no application to judicial review of executive action, including determinations made by a state administrative agency"). This Court interprets that statement to mean that seeking judicial review in federal district court of a state administrative determination does not implicate the doctrine. Although the instant case involves a state administrative decision, Iles unsuccessfully sought state judicial review of the state administrative decision before initiating the federal action. This intervening event—seeking state judicial review—allows for the application of the *Rooker-Feldman* doctrine, and deprives this Court of subject matter jurisdiction. *See Mitchell v. Fishbein*, 377 F.3d 157, 165-66 (2d Cir. 2004) (interpreting *Verizon Maryland* and citing 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4469.1 (2d ed. 2002)).

database. In the alternative, Iles' claims are inextricably intertwined with the claims that were raised in the Circuit Court of Sangamon County.

Accordingly, the Court concludes that, under the *Rooker-Feldman* doctrine, it lacks subject matter jurisdiction.[2] Therefore, this action will be dismissed for lack of subject matter jurisdiction.

### III.

#### A.

In the alternative, this action is barred by res judicata. Res judicata is defined as follows: "Rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." Black's Law Dictionary 1174 (Special Deluxe 5th ed. 1979)

To determine whether this action is barred by res judicata, the Court looks to Illinois law. *See Rockford Mut. Ins. Co. v. Amerisure Ins. Co.*, 925 F.2d 193, 195 (7th Cir. 1991) (applying Illinois res judicata

---

[2] The Court is aware that the use of the *Rooker-Feldman* doctrine is, generally, in decline. *See* Samuel Bray, *Rooker Feldman*, 9 Green Bag 2d 317 (2006). However, the Court concludes that that this case presents a straightforward *Rooker-Feldman* issue.

10

principles because the earlier action took place in Illinois state court); *see also Chicago Title Land Trust Co. v. Potash Corp.*, 664 F.3d 1075, 1079 (7th Cir. 2011).

"For the doctrine of *res judicata* to apply, the following three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there was an identity of cause of action, and (3) there was an identity of parties or their privies." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998).

### B.

The Court will first address whether there was "a final judgment on the merits."

In *Leavell v. Department of Natural Resources*, 397 Ill. App. 3d 937, 956 (5th Dist. 2010), the Appellate Court of Illinois held that the dismissal of an untimely administrative appeal operated as an adjudication on the merits.

In *Leavell*, the Illinois Department of Natural Resources sought to dismiss an untimely appeal related to the abandonment of oil wells

pursuant to 735 ILCS 5/2-619. *Id.* at 942. The Department argued that the complaint for administrative review was untimely under 735 ILCS 5/3-103. *Id.* The Circuit Court of White County, Illinois, granted the motion to dismiss and entered a final order dismissing Leavell's complaint, and Leavell did not appeal. *See id.*

The Appellate Court of Illinois held that the dismissal with prejudice "operated as an adjudication on the merits." *Id.* at 956. The Appellate Court elaborated:

> The first requirement for *res judicata* is met because the dismissal with prejudice in No. 02-MR-8 was a final adjudication on the merits. The doctrine prohibits not only those matters which were actually litigated and resolved in the prior suit but also any matter which might have been raised in that suit to defeat or sustain the claim or demand. The doctrine of *res judicata* applies to constitutional claims, and it is as relevant to the administrative process as it is to the judicial.

*Id.* at 957 (quotation marks, citations, and alterations omitted).

The Court notes that the application of the same two Illinois statutes (735 ILCS 5/2-619, 735 ILCS 5/3-103) led to the dismissal of the administrative review action in both Iles' state court action and in *Leavell*. *Compare Leavell*, 397 Ill. App. 3d at 942, *with* Motion to Dismiss [d/e 43-1], pages 2-3.

Therefore, the Court concludes that the decision of the Circuit Court of Sangamon County was a final judgment on the merits rendered by a court of competent jurisdiction.

## C.

There is an identity of cause of action. The Court is aware that Iles has raised somewhat different bases for relief in the two actions. However, in the First Amended Complaint [d/e 24] in this action, five of the eleven pages relate to the Iles' journey through the state administrative process. *See* First Amended Complaint [d/e 24], pages 3-7.

The Seventh Circuit has stated the following:

> Illinois uses a transactional test to decide what counts as the same cause of action. According to that test, separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief. The transactional test permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction. What factual grouping constitutes a transaction or a series of connected transactions is to be determined pragmatically.

*Chicago Title Land Trust Co.*, 664 F.3d at 1079-80 (quotation marks, citations, and alterations omitted).

It is apparent that a "single group of operative facts" is at play in both cases. Iles is again seeking judicial review of Secretary of State White's administrative decision. Thus, the Court concludes that there is an identity of cause of action.

## D.

There is an identity of the parties, because Iles initiated both actions against Secretary of State White.

Therefore, as all three requirements are satisfied, the Court concludes that this action is barred by the doctrine of res judicata.

## IV.

To summarize, the Court concludes that it lacks subject matter jurisdiction to hear this case, pursuant to the *Rooker-Feldman* doctrine. In the alternative, the Court concludes that the action is barred by the doctrine of res judicata.

*Ergo*, this action is DISMISSED.

All pending motions are DENIED AS MOOT.

Case closed.

IT IS SO ORDERED.

ENTER: July 25, 2012

FOR THE COURT:                      */s/ Richard Mills*
                                    ───────────────────────
                                    Richard Mills
                                    United States District Judge